UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DALFIO,<br><br>                         Plaintiff,<br><br>  v.<br><br>KHANG TRAN, *et al.*,<br><br>                        Defendants. | Case No. 21-cv-00760-BAS-BGS<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS (ECF No. 12)** |

      Before the Court is the parties' joint motion to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (Mot., ECF No. 12.) Plaintiff Victor Dalfio brought this action in federal court on April 16, 2021 against Defendants Khang Tran and Phuoc Tran, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq.*, and California's Unruh Civil Rights Act. (Compl., ECF No. 1.) Defendants answered the Complaint on July 6, 2021. (ECF Nos. 6–7.) At an Early Neutral Evaluation Conference before Magistrate Judge Bernard G. Skomal in September of 2021, the parties agreed to settle and, thus, dispose of the case. (ECF Nos. 10–11.) The parties jointly moved to dismiss this action shortly thereafter.

      "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal

under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing, *inter alia*, *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Blue Mountain Constr. Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert. denied*, 361 U.S. 931 (1960)). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

Because Defendants do not identify, nor does the Court find apparent, any legal prejudice that might result from dismissal of this action with prejudice, the Court **GRANTS** the Motion to dismiss the action with prejudice. (ECF No. 12.) The clerk of court shall close this case.

**IT IS SO ORDERED.**

DATED: October 27, 2021

Hon. Cynthia Bashant
United States District Judge